IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

DANIEL PACHECO-MUSSEB AND
YOANN M. LÓPEZ-PÉREZ,

    Plaintiffs,

    v.

UNITED STATES POSTAL SERVICES,
VICTOR M. RIVERA-GONZÁLEZ, JANE
DOE, SAFE LOGISTIC INC., MAPFRE
PRAICO INSURANCE COMPANY AND
THE CONJUGAL PARTNERSHIP
RIVERA-DOE,

    Defendants.

CIV. NO.: 22-1130 (SCC)

**OMNIBUS ORDER**

Pending before the Court are two motions that, in one way or another, call the Court's subject-matter jurisdiction to hear this case into question. On the one hand, is Plaintiffs Daniel Pacheco-Musseb[1] and Yoann López Pérez' motion requesting the entry of default as to the United States Postal Service ("USPS").[2] Docket No. 27. On the other hand, is Defendant

---

[1] The Court **orders** Plaintiffs to, by **January 27, 2023**, clarify Mr. Daniel Pacheco-Musseb's last name for the record, given that in some filings he is identified as Mr. Daniel Pacheco-**Mussed** and in others as Mr. Daniel Pacheco-**Musseb**.

[2] In that motion, Plaintiffs invoke "FRCP Rule 45.1" and "Rule 34.2(d)(3)" as the basis for their request for the entry of default. *See* Docket No. 27 at ¶ 5. But those rules do not concern the entry of default. The rule that does pertain

Mapfre Praico Insurance Company ("Mapfre") and Safe Logistic Inc.'s ("Safe Logistic") Motion to Dismiss. Docket No. 18. A third motion regarding summons by publication is also pending. Docket No. 10. The Court will begin by addressing the motion requesting the entry of default since the Court's ruling regarding that motion will directly impact how the Court will handle the Motion to Dismiss. The Court will then address the motion regarding summons by publication.

### I. MOTION REQUESTING THE ENTRY OF DEFAULT

Plaintiffs argue that albeit having properly effected service on the USPS, the USPS has yet to answer their Complaint or otherwise defend this action and so the entry of default by the Clerk of Court is warranted. Docket No. 27. Plaintiffs' request, however, misses the mark. While it is correct that the USPS has not appeared in this case, its failure to do so is not surprising, for in view of the allegations advanced in the Complaint, the USPS is not the proper defendant.³

---

to the entry of a default is Federal Rule of Civil Procedure 55(a). *See* FED. R. CIV. P. 55(a). Accordingly, the Court will construe Plaintiffs' request as one made pursuant to Rule 55(a).

³ The Court also notes that even if the USPS would have been the proper defendant, Plaintiffs did not properly effect service on it. Federal Rule of Civil Procedure 4(i)(2) states that "[t]o serve a United States agency or corporation . . .a party must serve the United States and also send a copy of the summons and the complaint by registered or certified mail to the agency,

Plaintiffs' Complaint invokes the Court's federal question jurisdiction and asserts a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80.[4] The Complaint, however, does not name the United States as a defendant in this case and the failure to do so is critical because even though the Postal Reorganization Act ("PRA"), 39 U.S.C. § 101 *et seq.*, allows for the USPS "to sue and be sued in its official name," 39 U.S.C. § 401, the PRA "also provides that the FTCA 'shall apply to tort claims arising out of activities of the Postal Service,'" *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (quoting 39 U.S.C. § 409(c)). And under the FTCA, the United States is the proper defendant, not the federal agency, given that the FTCA specifically states that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under" 28 U.S.C. § 1346(b) "and the remedies provided by this title in such cases shall be

---

corporation, officer or employee." FED. R. CIV. P. 4(i)(2). But here, the record shows that Plaintiffs merely mailed a copy of the summons and the complaint to the USPS. *See* Docket No. 24. There is no evidence that the United States was served.

[4] In their Complaint, Plaintiffs also invoke this Court's supplemental jurisdiction to hear their general tort claim under Puerto Rico law.

exclusive." *See* 28 U.S.C. § 2679(a). In turn, 28 U.S.C. § 1346(b)(1) provides that federal courts shall have "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment …." *See* 28 U.S.C. § 1346(b)(1).

According to the facts alleged in the Complaint, while driving, Plaintiff Pacheco-Musseb was impacted by a truck that was being "negligently" driven by Mr. Victor Rivera. Docket No. 1 at ¶¶ 25-27. Plaintiff Pacheco-Musseb contends that Mr. Victor Rivera was employed by the USPS and that the crash occurred while he was on the clock for the USPS. *Id.* at ¶ 25. He further claims that due to Mr. Rivera's "negligent, careless and reckless acts and/or omissions," he has suffered significant injuries and is still suffering from the emotional and physical damages caused by the incident. *Id.* at ¶¶ 27-36. The Complaint also includes allegations to the effect that Ms. Yoann López-Pérez, Plaintiff Pacheco-Musseb's wife, has suffered emotional damages and that their conjugal partnership has taken a financial hit because of this incident. *Id.* at ¶¶ 14, 47-48.

Plaintiffs' Complaint intends to advance an FTCA claim that is cognizable under 28 U.S.C. § 1346(b). Therefore, here, the

proper defendant is the United States and not the USPS. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994) (explaining that "if a suit is 'cognizable' under § 1346(b) . . . the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name' …."). Without the proper defendant, to wit, the United States, an FTCA action is not properly before this Court. Therefore, because the USPS is not the proper defendant, Plaintiffs' request for it to be found in default is misplaced and the Court must **DENY** the same**.**

In this vein, the Court **ORDERS** Plaintiffs to **SHOW CAUSE** by **January 27, 2023**, as to why this action should not be dismissed for lack of subject-matter jurisdiction given the failure to name the United States as a defendant in this FTCA action.[5] The Court acknowledges that the matter regarding the

---

[5] Plaintiffs' Complaint also invokes this Court's supplemental jurisdiction as to what appears to be a Puerto Rico law general tort claim. The First Circuit has stated that "[t]he baseline rule is that the dismissal of a foundational federal claim does not deprive a federal court of authority to exercise supplemental jurisdiction over pendent state-law claims." *Sexual Minorities Uganda v. Lively*, 899 F.3d 24, 35 (1st Cir. 2018). Therefore, if the Court were to dismiss the "foundational federal claim," (the FTCA claim), and it then had to consider if it would exercise supplemental jurisdiction, without the presence of a federal claim, it must evaluate certain factors, including "judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). As things stand, considering that this case is in its infancy and no discovery has been conducted, the Court would not be inclined to assert supplemental jurisdiction over the Puerto Rico law general tort claim. *See, e.g., Santana-Vargas v. Banco Santander Puerto Rico*, 948 F.3d 57, 61-62 (1st Cir. 2020). This is the reason why the Court warns

proper defendant was raised *sua sponte* and the First Circuit has warned that "*sua sponte* dismissals are risky business," and they will be upheld "only if the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless beyond all hope of redemption." *See González-González v. United States*, 257 F.3d 31, 37 (1st Cir. 2001). At this juncture, the defect that the Court has identified may be cured. *See, e.g.,* FED. R. CIV. P. 15(a)(2); *see also* 28 U.S.C. § 1653. The ball is now in Plaintiffs' court.

## II. Defendants Mapfre and Safe Logistic's Motion to Dismiss

Defendants Mapfre and Safe Logistic also challenge this Court's subject-matter jurisdiction in their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Docket No. 18. Specifically, they argue that Mr. Rivera was employed by Safe Logistic, not the USPS. *Id.* at pgs. 4-5; *see also* Docket No. 18-1. And so they reason that if no Government employee was involved in the incident, the Court is divested of subject-matter jurisdiction to hear this case because there would be no federal claim left to litigate. Docket No. 18 at pgs. 4-5. In their

---

Plaintiffs that their failure to comply with the order to show cause would not solely result in the dismissal of the FTCA claim, but it may also result in the dismissal of this suit in its entirety.

Opposition to the Motion to Dismiss, Plaintiffs countered that before a decision was made as to the Motion to Dismiss, they should be allowed to conduct discovery "[r]egarding the control and preview of the USPS on the operations and control over co-defendant Safe Logistic Inc." Docket No. 19 at ¶ 7.[6] From what the Court could understand, it appears that Plaintiffs are arguing that Safe Logistic was acting as an independent contractor that was in business with the USPS at the time of the incident.

Defendants Mapfre and Sage Logistic's Motion to Dismiss presents a factual challenge which calls on the Court to "engage in judicial factfinding to resolve the merits of the jurisdiction claim." *Marasco & Nesselbush, LLP v. Collins*, 6 F.4th 150, 166 n. 19 (1st Cir. 2021). In doing so, "the court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own

---

[6] The Court has not overlooked the fact that Plaintiffs' Opposition to the Motion to Dismiss was not timely filed. The opposition was due on or before August 22, 2022, but was filed on August 29, 2022. The record confirms that Plaintiffs did not move for an extension of time to justify the late filing. But by the same token, Defendants Mapfre and Safe Logistic failed to move to strike the opposition or contest the late filing. Local Rule 7(b) instructs that if a party fails to oppose a motion within fourteen (14) days, that party, here, Plaintiffs, "shall be deemed to have waived any objection to the motion." But because the Court denies Defendants Mapfre and Safe Logistic's Motion to Dismiss, for reasons unrelated to those advanced in Plaintiffs' Opposition, the fact that it considered the same is inconsequential.

PACHECO-MUSSEB. v. USPS                                                    Page 8

jurisdiction." *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363-364 (1st Cir. 2001). Here, the Court could very well order that jurisdictional discovery be conducted in view of the type of factual challenge advanced by Defendants Mapfre and Safe Logistic. But the Court finds that the proper defendant matter is a threshold matter that must be addressed before moving forward.[7] Accordingly, the Court will **DENY** the Motion to Dismiss at this time. The same may be refiled at a later date, for after Plaintiffs file their response to the Court's Order to Show Cause, the Court will enter any necessary orders and deadlines.

### III. SUMMONS BY PUBLICATION

Plaintiffs submitted proposed orders for the Clerk of Court to issue summons by publication as to Mr. Rivera, Jane Doe and the conjugal partnership comprised of Mr. Rivera and Jane Doe. Docket No. 10. But while the Court authorized the issuance of summons by publication as to Mr. Rivera, *see* Docket No. 6, Plaintiffs never moved the Court for the issuance of summons by publication as to Jane Doe or the conjugal partnership comprised of Mr. Rivera and Jane Doe. Further the proposed orders at Docket Nos. 10-1, 10-2 and 10-3 do not comply with

---

[7] There could very well be other jurisdictional matters that the Court may have to address in the near future, but the Court will cross that bridge in due course, if need be.

Puerto Rico Rule of Civil Procedure 4.6. Therefore, the motion is **DENIED** at this time**.** The same may be refiled once the matter regarding the proper defendant is settled.

### IV. CONCLUSION

In view of the above, the Court hereby **ORDERS** the following:

- Plaintiffs' motion requesting the entry of default as to the USPS at Docket No. 27 is **DENIED;**
- Plaintiffs shall **show cause** on or before **January 27, 2023**, as to why this case should not be dismissed for want of subject-matter jurisdiction;
- Plaintiffs shall, on or before **January 27, 2023**, clarify Plaintiff Daniel Pacheco-Musseb's last name;
- Defendants' MAPFRE and Safe Logistic's Motion to Dismiss at Docket No. 18 is **DENIED**; and
- Plaintiffs' motion for the issuance of summons by publication at Docket No. 10 is **DENIED.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of January 2023.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE