IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL PACHECO-MUSSAB AND YOANN M. LÓPEZ-PÉREZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICES, VICTOR M. RIVERA-GONZÁLEZ, JANE DOE, SAFE LOGISTIC INC., MAPFRE PRAICO INSURANCE COMPANY AND THE CONJUGAL PARTNERSHIP RIVERA-DOE,<br><br>Defendants. | CIV. NO.: 22-1130 (SCC) |

**OMNIBUS OPINION AND ORDER**

Pending before the Court are two dispositive motions. In the first motion, Co-defendants MAPFRE PRAICO Insurance Company ("MAPFRE") and Safe Logistic Inc. ("Safe Logistic") move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Docket No. 43. In the second motion, defendant the United States of America (the "United States") moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). *See* Docket No. 47. Plaintiffs Daniel Pacheco-Mussab and Yoann M. López-Pérez ("Plaintiffs") only opposed the later. *See* Docket No. 48. For the reasons set forth below, the motions are **GRANTED.**

## I. BACKGROUND

On March 17, 2021, Plaintiff Pacheco-Mussab was driving his car through the municipality of Añasco. Docket No. 37, pg. 5 at ¶¶ 24-25. At some point during that drive, he claims he was rear ended by a HINO 338 truck (the "Truck") that was reportedly being driven by Mr. Victor M. Rivera-González ("Mr. Rivera-González"). *Id.* at ¶ 24. According to the Plaintiffs, Mr. Rivera-González was a United States Postal Service ("USPS") employee and was driving the Truck as part of his duties for the USPS when the accident occurred. *Id.* at ¶ 24.

Due to the accident, Plaintiff Pacheco-Mussab was transported by ambulance to the emergency room at the Perea Hospital in Mayagüez where he received treatment. *Id.* at ¶ 27. He was subsequently referred to a physiatrist to continue receiving treatment. *Id.* at ¶ 29. Mr. Pacheco-Mussab claims that on April 5, 2021, he filed an administrative claim for damages with the United States, but never received a response. *Id.* at ¶¶ 37-38. Before the one-year anniversary of the accident, Plaintiffs filed this suit advancing Federal Tort Claims Act ("FTCA") claims and a Puerto Rico general tort claim. *See generally* Docket No. 37. Both Mr. Pacheco-Mussab and Mrs. López-Pérez allege that they are entitled to monetary damages in connection with the accident. *Id.*

With this backdrop in tow, the Court turns to the pending motions to dismiss.

## II. MAPFRE AND SAFE LOGISTIC'S MOTION TO DISMISS

MAPFRE and Safe Logistic's main line of attack is a jurisdictional challenge. Specifically, they contend that this Court lacks subject-matter jurisdiction to entertain this case because Mr. Rivera-González was never employed by the USPS, rather, he was employed by Safe Logistic. They reason that because Plaintiffs' FTCA claims hinge (for jurisdictional purposes) on Mr. Rivera-González' status as an employee of the USPS, if the Court agrees that he is not, there are no other allegations in the Amended Complaint to establish a cognizable claim under the FTCA. This, in turn, would mean that Plaintiffs have not adequately asserted federal question jurisdiction and the Court would lack subject-matter jurisdiction to hear this case.

There are two types of jurisdictional challenges. A jurisdictional challenge can be either facial or factual in nature. *See Cebollero-Bertrán v. P.R. Aqueduct & Sewer Auth.*, 4 F.4th 63, 69 (1st Cir. 2021). In a facial challenge, "the movant raises a question of law without contesting the facts." *Id.* When faced with a facial challenge, the analysis the Court must conduct is the same as if it were evaluating a motion under the prism of

Federal Rule of Civil Procedure 12(b)(6). *Id.* Conversely, in a factual challenge, the movant "contests factual allegations of the complaint[.]" *Id*. In those situations, the Court is not called upon to "accept the well-pleaded facts alleged in the complaint as true," instead, the Court "must engage in judicial factfinding to resolve the merits of the jurisdictional claim." *Id.* Here, the Court finds that MAPFRE and Safe Logistic are advancing a factual challenge since with their Motion to Dismiss they have submitted evidence that attacks the factual allegations made by the Plaintiffs in their Amended Complaint. Having established this framework, the Court can dive into MAPFRE and Safe Logistic's argument.

The FTCA is "a limited waiver," *Abreu v. United States*, 468 F.3d 20, 23 (1st Cir. 2006), that enables a plaintiff to sue the United States in tort for the conduct of "any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This follows that one of the threshold requirements for there to be a cognizable FTCA claim is for the individual who allegedly committed the tortious conduct, to be an employee of the United States.

To support their contention that Mr. Rivera-González was not an employee of the USPS, MAPFRE and Safe Logistic have provided the unsworn statement under penalty of perjury of Mr. José H. Hernández-Román who serves as the President of Safe Logistic. Docket No. 43-1. The statement is dated August 8, 2022 and specifies that Safe Logistic is not owned by the USPS, that its employees are not employees of the USPS, that Mr. Rivera-González was employed by Safe Logistic at all times relevant to the facts alleged in the Amended Complaint and that the USPS was not the owner[1] of the Truck. *Id.* Plaintiffs did not file a response to MAPFRE and Safe Logistic's Motion to Dismiss. Therefore, with only the evidence advanced by MAPFRE and Safe Logistic, and nothing to controvert the same, it appears that Mr. Rivera-González was not an employee of the USPS. So once the alleged connection to the United States is severed and considering that the Amended Complaint does not allege that another employee of the United States committed the tortious act and the Amended Complaint does not contain any other allegations to support an FTCA claim, it would appear that there is no cognizable FTCA claim.

---

[1] It is worth noting that Plaintiffs never alleged in the Amended Complaint that the Truck was owned by the USPS. What Plaintiffs did claim was that the Truck was owned by Safe Logistic. Docket No. 37, pg. 5 at ¶ 24.

PACHECO-MUSSAB. v. USPS                                                                     Page 6

But MAPFRE and Safe Logistic could have taken a simpler route towards dismissal since "the FTCA requires that the named defendant in an FTCA action be the United States and only the United States." *Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000). So because Plaintiffs are precluded from advancing FTCA claims against a defendant that is not the United States, the Court finds that dismissal of the FTCA claims as **to all defendants** (that are not the United States) is warranted here because they are not the proper defendants and so the Court lacks subject-matter jurisdiction to hear FTCA claims against them. *See McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) (affirming the dismissal of FTCA claims against defendants that were not the United States).[2] The Court next turns to the United States' Motion to Dismiss.

---

[2] While neither MAPFRE nor Safe Logistic raised this argument in support of their request for dismissal, the Court finds that it is not overstepping any boundaries by raising the argument *sua sponte* and stating that dismissal is warranted on the ground that the non-United States defendants are not the proper defendants in an FTCA claim, because even when the Amended Complaint is read "in the light most favorable to the plaintiff[s]" it does not save their FTCA claims against the non-United States defendants. *See González-González v. United States*, 257 F.3d 31, 37 (1st Cir. 2001); *see also McBee v. Delica Co., Ltd.*, 417 F.3d 107, 127 (1st Cir. 2005) (stating that matters concerning the Court's subject-matter jurisdiction, "which goes to the fundamental institutional competence of the court can be raised sua sponte at any time [.]").

### III. THE UNITED STATES OF AMERICA'S MOTION TO DISMISS

The United States has moved for dismissal pursuant to Rules 12(b)(2) and 12(b)(5). *See* Docket No. 47. The Court begins and ends its discussion with Rule 12(b)(5) since it finds that dismissal is warranted due to lack of proper service. Admittedly, the United States' Motion to Dismiss is a bit hard to follow. For example, there are times when the United States represents that it received a copy of the Amended Complaint, but then it states that it has not received a copy of the Amended Complaint. Nevertheless, it essentially claims that service was not proper because to effect proper service, Plaintiffs had to comply with Federal Rule of Civil Procedure 4(i), which dictates the way the United States must be served. Pertinent to this case, Plaintiffs were tasked with satisfying subsections (A) and (B) of that rule. *See* FED. R. CIV. P. 4(i)(1)(A)-(B).

Since the United States is challenging the service of process, Plaintiffs bear the burden of proving proper service. *Rivera-López v. Mun. of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). In their response to the United States' Motion to Dismiss, Plaintiffs counter that they properly effected service on both the United States District Attorney's Office (which would satisfy Rule 4(i)(1)(A)(i)) and the Attorney General (which would satisfy Rule 4(i)(1)(B)). *See* Docket No. 48, pg. 4. In support of

that contention, they attached a copy of a transmittal letter dated September 25, 2023 that was addressed to the Attorney General of the United States, Merrick Garland, stating that a copy of the original complaint and the Amended Complaint were enclosed in that envelope. Docket No. 48-1, pg. 1. Since the transmittal letter, the original complaint and the Amended Complaint were sent via certified mail, Plaintiffs also attached to their response, a copy of the proof of delivery which reflects that the envelope was received and signed by an individual named A. Owens. *See* Docket No. 48, pg. 4 and Docket No. 48-2. The transmittal letter, however, does not state that a copy of the summons was included in that envelope and Plaintiffs have not provided any evidence to show that a copy of the summons was in fact included in that envelope. So it appears that service was not proper.

Next, the Court considers whether service was properly effected on the United States District Attorney's Office. While the United States appears to have confirmed that it received a copy of the Amended Complaint, there is no mention regarding if it received a copy of the summons. More fundamentally, Plaintiffs have not come forward with any evidence regarding proof of service or any document to show that a copy of the summons was included along with the Amended Complaint.

To be clear, it is certainly within the Court's discretion to decide if it will quash the service of process instead of dismissing a case. *See Ramírez de Arellano v. Colloides Naturels Int'l*, 236 F.R.D. 83, 85 (D.P.R. 2006). But here, the Court finds that dismissal is proper because even when it pointed the Plaintiffs down the path to be followed to properly effect service on the United States, they failed to do so. For starters, Plaintiffs were first warned that considering their allegations in the original complaint, since they intended to pursue an FTCA claim, the proper defendant was the United States, not the USPS. *See* Docket No. 30, pgs. 2-6. Then, when Plaintiffs filed summons to serve the United States, the Court denied the request because the summons was inadequate. *See* Docket No. 42. In that Order, the Court specifically instructed the Plaintiffs to "review Fed. R. Civ. P. 4(i)(1) and file new summons." *Id.* So, Plaintiffs cannot say that they were not properly appraised of the steps they had to take to properly serve the United States and so the Court must dismiss the FTCA claims against the United States for lack of proper service.

### IV. SUPPLEMENTAL JURISDICTION

In addition to the FTCA claims, Plaintiffs' Amended Complaint includes a general tort claim under Puerto Rico law. *See* Docket No. 37, pg. 2 at ¶¶ 4 and 6. Having dismissed the

federal claim, to wit, the FTCA claim, the Court is now faced with the following question: should it exercise supplemental jurisdiction over Plaintiffs' Puerto Rico law claim?

The general rule "is that the dismissal of a foundational claim does not deprive a federal court of authority to exercise supplemental jurisdiction over pendent state-law claims." *Sexual Minorities Uganda v. Lively*, 899 F.3d 24, 35 (1st Cir. 2018). But general rules have exceptions, and the First Circuit has instructed that when a district court is faced with the situation that this Court now faces, the stage is set "for an exercise of the court's informed discretion." *Senra v. Town of Smithfield*, 715 F.3d 34, 41 (1st Cir. 2013). As part of that discretion, to determine if it will (or will not) exercise supplemental jurisdiction, the Court must consider a host of factors. Therefore, since "[n]o categorial rule governs the analysis; a court must weigh concerns of comity, judicial economy, convenience, and fairness." *See Redondo Const. Corp. v. Izquierdo*, 662 F.3d 42, 49 (1st Cir. 2011).

This case began with the filing of the original complaint on March 16, 2022. *See* Docket No. 1. Normally, at this stage of the ball game, discovery would have been underway. However, the record tells a different story; this case is still in its infancy and is not "well beyond its nascent stages." *Santana-*

*Vargas v. Banco Santander de Puerto Rico*, 948 F.3d 57, 61-62 (1st Cir. 2020) (quotations and citations omitted). So when the comity, convenience, fairness and judicial economy factors are weighed vis-à-vis the record, the Court finds that it need not exercise supplemental jurisdiction here. Accordingly, Plaintiffs' Puerto Rico law claim is dismissed without prejudice.

### V. Conclusion

In light of the above, the Court hereby:

- **GRANTS** the Motion to Dismiss filed by MAPFRE and Safe Logistic at Docket No. 43 and dismisses all FTCA claims against the non-United States defendants;

- **GRANTS** the Motion to Dismiss filed by the United States at Docket No. 47; and

- **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Puerto Rico law claim.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of February 2024.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE